ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
 I. INTRODUCTION
This is one of several cases, specially designated by the court to the Regular Division, that involve challenges to the actions of the Department of Revenue (the department) in connection with contested donations of certain "kicker" refunds to the State School Fund. The matter is before the court on stipulated facts and cross-motions for summary judgment. Oral argument was waived by the parties.
 II. FACTS
From time to time, individual income taxpayers in Oregon are entitled to so-called "kicker" refunds when state revenues exceed state budgeted expenses. See generally ORS 291.349.[1] A taxpayer may, by irrevocable election, donate to the State School Fund the amount otherwise to be refunded. ORS 305.792(2). Plaintiffs Rosemary A. Burris and Stephen *Page 2 
F. Mader (taxpayers) used a computer program to prepare their 2006 Oregon income tax return. (Stip Facts at 1.) In connection with use of the computer program, taxpayers prepared a worksheet and did not check the box on the worksheet used to indicate an intention to donate a "kicker" to the State School Fund. (Stip Facts at 2.) After taxpayers entered information into the computer program, taxpayers printed a copy of the final return generated by the computer program, signed it and submitted it to the department by mail. (Stip Facts at 1.)
On the return received by the department, a box had been checked that indicated that taxpayers wanted to donate any "kicker" refund due them to the State School Fund. (Stip Facts at 1.) In 2007, taxpayers learned that a substantial "kicker" refund was due for the 2006 year and that taxpayers' refund had been contributed to the State School Fund. Because taxpayers maintain they did not intend to make that contribution, taxpayers challenged the actions of the department in paying the refund to the State School Fund. (Stip Facts at 3.)
The department based its actions on a policy that the department developed and applied generally. Under that policy, the department wouldnot make refund payments to anyone who used computer software in preparing a return if the donation box was checked on the front page of a "paper" return filed with the department. The policy of the department did, however, allow refunds to certain people who filed returns electronically and submitted copies of returns showing the kicker donation box as unchecked. (Stip Facts at 2.)
Apparently attempting to benefit from the department policy for people who filed electronically, taxpayers submitted to the department a front page of a 2006 return produced by first "unchecking" the kicker donation box and then printing the page. (Stip Facts at 2.) *Page 3 
The challenge made by the taxpayers is similar to other challenges of department action in respect of returns prepared with the use of computer software and submitted on "paper" to the department. See Schmidt v.Dept. of Rev., ___OTR ___ (Sept 23, 2008).
 III. ISSUE
The issue is whether the action of the department in refusing to make a "kicker" refund payment to taxpayers was valid.
 IV. ANALYSIS
As an initial matter, the law provides that taxpayers bear the burden of proof in this proceeding. ORS 305.427. On the question of whether taxpayers, in fact, checked the donation box on the return form, taxpayers do not contest that the box was checked on the printed return that they signed and submitted to the department. Under ORS 305.792(2)(b), an election to contribute refunds to the State School Fund makes any election irrevocable. Accordingly, under ORS 305.792, taxpayers are considered to have made the election and it may not be revoked. The presence of the checked box on the filed return must be viewed as conclusive objective evidence that the intent to make the donation existed. See Schmidt v. Department of Revenue, ___ OTR ___, (Sept 23, 2008)(Schmidt). That conclusive evidence overcomes whatever inference might be drawn from the actions of the taxpayers in the preparation of the computer program worksheet.
Taxpayers also challenge the propriety of the action of the department in refusing refunds to them while making refunds to some other persons who employed computer programs in the preparation of returns and filed returns electronically. Taxpayers recognize that only electronic filers who submitted a copy of the first page of the 2006 return showing the donation box not checked are entitled to a refund under the department policy. Taxpayers point out, however, that *Page 4 
such copies could be produced by modifying the entry in the computer program to remove a check in the donation box, printing the modified return, and submitting that document to the department as a copy of the original return.[2]
The legal principles applicable to the challenge made by taxpayers under Article I, section 20, of the Oregon Constitution and the Equal Protection Clause of the United States Constitution are well settled. Where, as here, the classification among citizens by the government does not implicate a "suspect" category or impair a fundamental right, the court upholds a classification decision of the government if the court can conceive of any possible rational reason for making the classification distinction. See Massachusetts Bd. of Retirement v.Murgia, 427 US 307, 312, 96 S Ct 2562, 49 L Ed 2d 520 (1976); In reMarriage of McGinley, 172 Or App 717, 723-30, 19 P3d 954 (2001), revden, 332 Or 305 (2001).
As discussed in Schmidt, the classification decision by the department was based on a view that computer error might have occurred such that a later printed copy of the electronically filed return would show the box not to have been checked, even though the electronic copy received by the department showed the donation box checked. Of course, the ability of some to submit a "copy" of an electronically prepared return might also be a reflection of an alteration in the computer program prior to the creation of the "copy." However, the legal principles applicable here afford to the department the right to make the decision it made. That decision may not be as logical or complete as some would like, but the court cannot say that, in making its decision, the department strayed outside of its constitutional boundaries. *Page 5 
This court has jurisdiction only over challenges to the tax laws and the actions of the department. It does not have jurisdiction over questions of whether persons or programs employed by return filers may have or produce liability if the person's or program's actions or products result in returns that do not reflect the actual intent of the person filing the return. On the question over which this court has jurisdiction, the court concludes that the actions of the department were valid.
 V. CONCLUSION
Now, therefore,
IT IS ORDERED that the motion of the department is granted and the cross-motion of taxpayers is denied. Costs are awarded to neither party.
Dated this ___ day of November, 2009.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPT ON NOVEMBER 20,2009, AND FILED THE SAME DAY. THIS IS A PUBLISHED DOCUMENT.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition.
[2] Taxpayers conceded that in preparing a "copy" of the 2006 return for submission to the department this is exactly what they did. That fact undercuts the equity of taxpayers' position. *Page 1